UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

In re:                                                                                          Case No. 22-15714-PDR

POMPANO SENIOR SQUADRON                                          Chapter 11
FLYING CLUB, INC.,                                                              (Subchapter V)

           Debtor.
_____/

## DEBTOR'S EMERGENCY MOTION FOR TURNOVER OF ESTATE FUNDS

## EMERGENCY HEARING REQUESTED

**The Debtor in Possession seeks emergency relief because the freeze on its bank accounts prevent the establishment of the required debtor in possession accounts, operation of the debtors affairs and payment of post-petition expenses, including its payment of insurance premiums due on July 29, 2022, its lease payment due August 1, 2022 and payment of its monthly aircraft lease and secured debt obligations.**

**A bona fide effort to resolve the matter without hearing has been attempted and counsel for the Debtor in Possession will continue such efforts prior to any hearing on the matter.**

      Debtor-in-Possession, Pompano Senior Squadron Flying Club, Inc. ("Debtor" or "PBFC"), by and through its undersigned counsel, moves this Court to enter an Order directing creditor Sunwood, Inc. and Chase Bank to turnover funds held at Chase Bank which are property of the Debtor's bankruptcy estate and states:

      1.      On July 15, 2022, judgment creditor Sunwood, Inc. served a writ of garnishment upon Chase Bank. [1]

      2.      At the time of the writ, the Debtor maintained funds at Chase Bank in the approximate amounts of $20,020.37 in a savings account and $40,494.56 in a checking account.

---

[1] The writ was served within the 90 days before bankruptcy and would also meet the prima facie elements of an avoidable transfer under 11 U.S.C. §547 without any apparent defense to avoidance.

3. The Debtor also had an account at Bank of America containing $4.42.

4. No answers to the writs have been filed, no final judgment of garnishment has been entered, and the funds have not been turned over to the possession of the creditor.

5. The garnishment action is stayed by the filing of the petition and commencement of this case pursuant to the automatic stay under 11 U.S.C. §362,

6. The aforementioned funds are frozen with the banks subject to the writ of garnishment.

7. The funds are undisputedly property of this bankruptcy estate, and the funds should be turned over to the bankruptcy estate and should be (and are required to be) placed into a United States Trustee approved debtor in possession account.

8. The Debtor in Possession seeks turnover of the funds so that it may open and place such funds in a required Debtor in Possession account.

9. Due to the hold on the accounts, the Debtor in Possession also seeks turnover of any funds which are or were deposited following the service of the writ of garnishment.

10. The Debtor in Possession does not seek the adjudication of any debts, claims or rights other than that the funds are property of the estate and the turnover of possession of such property of the estate pursuant to 11 U.S.C. 542.

**WHEREFORE**, the Debtor in Possession respectfully requests that this Court enter an Order directing Sunwood, Inc. and Chase Bank, to release the hold on property of the estate and take such actions necessary to turn over the funds to the estate, and grant such further relief as this Court may deem just and proper.

**LORIUM LAW**
*Attorneys for Debtor in Possession, Pompano Senior Squadron Flying Club, Inc.*
101 NE Third Avenue, Suite 1800
Fort Lauderdale, FL 33301
Telephone: (954) 462-8000
Facsimile: (954) 462-4300

By: /s/ Craig A. Pugatch
      CRAIG A. PUGATCH
      Florida Bar No. 653381
      capugatch@loriumlaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the date of filing this document, as reflected by the e-filing stamp inserted upon it by the Clerk of Curt, a true a correct copy of the foregoing has been furnished via email to counsel for Sunwood, Inc., Dane Stanish, Esq. and Carolyn N. Budnik, Esq., as well as via CMECF. A separate certificate of service shall be filed reflecting service via US Mail to all parties on the Court's mailing matrix.

      /s Craig A. Pugatch