# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF FLORIDA
# FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| **In re:** | **Case No. 22-15714-PDR** |
| **POMPANO SENIOR SQUADRON** | **Chapter 11** |
| **FLYING CLUB, INC.,** | **(Subchapter V)** |
|       **Debtor.** | |
| _____/ | |

## APPLICATION FOR INTERIM AND FINAL ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF CRAIG A. PUGATCH, ESQ. AND LORIUM LAW AS COUNSEL FOR THE DEBTOR IN POSSESSION <u>EFFECTIVE AS OF THE PETITION DATE</u>

Debtor in Possession, moves, pursuant to 11 U.S.C. §§ 105(a), 327 and 330, and Federal Rule of Bankruptcy Procedure 2014, for entry of an order authorizing the employment of Chad P. Pugatch, Esq. and Lorium Law as counsel for the Debtor, effective as of the Petition Date and in support thereof states as follows:

1. On or about July 26, 2022 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code [ECF No. 1].

2. The Debtor is operating its business as a debtor-in-possession pursuant to Bankruptcy Code Sections 1107 and 1108.

3. The Debtor desires to employ Craig A. Pugatch, Esq. ("Pugatch") and Lorium Law as its attorney in this case.

4. The Debtor believes that Pugatch is qualified to practice in this Court and is qualified to advise the Debtor on its relations with, and responsibilities to, the creditors and other interested parties.

5.  The professional services Pugatch and Lorium will render are summarized as follows:

(a)  To give advice to the Debtor with respect to its powers and duties as a debtor in possession under Chapter 11 and the continued management of its business operations;

(b)  To advise the Debtor with respect to its responsibilities in complying with the U.S. Trustee's Operating Guidelines and Reporting Requirements and with the rules of the Court;

(c)  To prepare and/or defend motions, pleadings, orders, applications, adversary proceedings, and other legal documents necessary in the administration of the case;

(d)  To protect the interest of the Debtor in all matters pending before the Court; and

(e)  To represent the Debtor in negotiation with its creditors in the preparation of a plan and confirmation of same.

6.  To the best of Debtor's knowledge, neither Pugatch nor Lorium have any connection with the creditors or other parties in interest or their respective attorneys.

7.  Neither said attorney nor said law firm represent any interest adverse to the Debtor.

8.  Upon being retained to represent Debtor in this Chapter 11 case, Pugatch and Lorium performed all of the necessary services to counsel and assist Debtor in preparing the Petition, Schedules, Statement of Financial Affairs and other required documents to properly commence a case under Subchapter V of Chapter 11 of the United States Bankruptcy Code. Lorium incurred fees in the amount of $1050 for those services. As of the Petition Date, such amount was unpaid by the Debtor, which according to 11 U.S.C. § 1195, does not preclude the

employment of Pugatch or Lorium.

9. As such, attached to this *Application* is the proposed attorney's declaration demonstrating that Pugatch and Lorium are disinterested as required by 11 U.S.C. § 327(a) and a verified statement as required under Bankruptcy Rule 2014.

10. The Debtor requests that the Court enter an order on an interim basis authorizing the relief requested herein, pending notice and a final hearing on the instant *Application*.

**WHEREFORE**, Debtor-in-Possession, respectfully requests an order authorizing retention of Chad P. Pugatch, Esq. and Lorium Law on a general retainer, pursuant to 11 U.S.C. §§ 327 and 330, effective as of the Petition Date, on an interim basis, setting a final hearing on the *Application*, and granting such further relief that is proper under the circumstances.

**LORIUM LAW**
*Proposed Counsel for the Debtor-in-Possession*
101 NE 3rd Avenue, Suite 1800
Fort Lauderdale, FL 33301
Telephone:   (954) 462-8000
Facsimile:    (954) 462-4300

By: /s/  Chad P. Pugatch
      Craig A. Pugatch
      Florida Bar No.:  653381
      capugatch@loriumlaw.com

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via the Court's CM/ECF system and via U.S. Mail to all parties on the attached service list dated this 27th day of July 2022.

By: /s/  Craig A. Pugatch

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**
www.flsb.uscourts.gov

**In re:**  Case No. 22-15714-PDR

**POMPANO SENIOR SQUADRON**  Chapter 11
**FLYING CLUB, INC.,**  (Subchapter V)

      **Debtor.**
_____/

**DECLARATION OF PROPOSED COUNSEL FOR DEBTOR IN POSSESSION**

1.  My name is Craig A. Pugatch. All of the facts in this Declaration are based on my personal knowledge. I submit this Declaration ("Declaration") pursuant to Administrative Order 2020-06 and 28 U.S.C. § 1746 in support of the *Application for Interim and Final Order Authorizing the Employment and Retention of Craig A. Pugatch and Lorium Law as Counsel for the Debtor in Possession Effective to the Petition Date*.

2.  I am an attorney admitted to practice in the State of Florida, the United States District Court for the Southern District of Florida and qualified to practice in the United States Bankruptcy Court for the Southern District of Florida.

3.  I am an attorney with Lorium Law ("LL") with offices located at 101 NE 3rd Avenue, Suite 1800, Ft. Lauderdale, Florida 33301.

4.  Neither I, nor the firm, nor any attorneys in the firm represent any interest adverse to POMPANO SENIOR SQUADRON FLYING CLUB, INC (the "Debtor in Possession") or the estate, and we are disinterested persons as required by 11 U.S.C. § 327(a).

5.  Neither I, nor the firm, nor any attorneys in the firm have any connections with the Debtor in Possession, creditors, any other party in interest, their respective attorneys,

accountants, the United States Trustee, or any person employed in the Office of the United States Trustee.

6. Except for the continuing representation of the Debtor in Possession, neither I nor the firm nor any attorneys in the firm have or will represent any other entity in connection with this case and neither I nor the firm nor any attorneys in the firm will accept any fee from any other party or parties in this case, except the Debtor in Possession.

7. Prior to the filing of the Petition, LL and I were retained to provide bankruptcy advice and incurred fees in the amount of $1,050 for those services. Upon being retained to represent Debtor in this Chapter 11 case, LL and I performed all of the necessary services to counsel and assist Debtor in preparing the Petition, Schedules, Statement of Financial Affairs and other required documents to properly commence a case under Subchapter V of Chapter 11 of the United States Bankruptcy Code. As of the Petition Date, $1,050 was owed to LL by the Debtor, which according to 11 U.S.C. § 1195, does not preclude my employment or that of the firm.

I declare under the penalty of perjury that the foregoing is true and correct. Reviewed and executed in Broward County, Florida, on July 27, 2022.

/s/ Craig A. Pugatch