UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

In re:                                                                 Case No. 22-15714-PDR

**POMPANO SENIOR SQUADRON**                    Chapter 11
**FLYING CLUB, INC.**,                                        (Subchapter V)

      Debtor.
_____/

### APPLICATION FOR EMPLOYMENT OF EDWARD F. HOLODAK, ESQ. AND THE LAW FIRM OF EDWARD F. HOLODAK, P.A. AS SPECIAL LITIGATION COUNSEL TO DEBTOR EFFECTIVE AS OF THE PETITION DATE

Debtor in Possession, Pompano Senior Squadron Chapter 11flying Club, Inc. (the "Debtor"), by and through undersigned counsel and pursuant to 11 U.S.C. § 327(e) and Federal Rule of Bankruptcy Procedure 2014 and Local Rule 2014-1, files this *Application* requesting an order authorizing the employment of Edward F. Holodak and the law firm of Edward F. Holodak, P.A. as special litigation counsel to Debtor effective as of the Petition Date, to represent the Debtor in the matter set forth herein and as grounds therefore, states as follows:

1. On July 26, 2022 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. [ECF No. 1].

2. Debtor is operating as a debtor-in-possession pursuant to 11 U.S.C. § 1107.

3. Debtor is a tax exempt, not-for-profit entity that operates a flying club for the benefit of its members, which includes the ownership, operation and lease of aircraft flown by its members.

4. The Debtor's maintains an office located at 1421 S. Ocean Boulevard, Suite 102, Pompano Beach, Florida and leases hanger space at the Executive Airport in Pompano Beach,

Florida.

5. The Debtor receives substantially all of its income from membership dues and fees for use of the club's aircraft.

6. What led to the Debtor seeking bankruptcy relief was the garnishment of its bank account by a creditor whose claim against the Debtor was a result of unscrupulous business practices and self-dealing on the part of the Debtor's former treasurer, Carl L. Kennedy ("Kennedy").

7. In order to recovers its losses stemming Kennedy's breach of fiduciary duty and other unlawful conduct, Debtor filed an action pre-petition against Kennedy in the Circuit Court of the Seventeenth Judicial Circuit in the action styled *Pompano Senior Squadron Flying Club, Inc. v. Kennedy*, Case No. CACE 20-005993 (the "State Court Case").

8. The attorney representing Debtor in the State Court Case is Edward F. Holodak of the law firm Edward F. Holodak, P.A. (collectively, "Holodak"), which maintains its offices at 7951 SW Sixth Street, Suite 210, Plantation, FL 33324.

9. Holodak is qualified to practice in the courts throughout the State of Florida and to advise the Debtor with regards to the claims and defenses asserted in the State Court Case.

10. It is necessary that the Debtor employ an attorney to pursue the State Court Case in order to recover funds owed to the Debtor and to gain lien releases.

11. Debtor submits that Holodak's background, knowledge and expertise in the area of commercial litigation law and firsthand knowledge of the pending State Court Case are critical to the Debtor' continued operations going forward and ability to properly pursue the claims against Kennedy for the benefit of Debtor's bankruptcy estate.

12. Because of the special expertise and extensive amount of historical knowledge and

information learned by Holodak in the past, and experience in handling the litigation on behalf of Debtor in the State Court Case, the Debtor asserts that it would be more economical and efficient to retain Holodak to represent the Debtor in the State Court Case.

13. Accordingly, Debtor seeks to employ Holodak as special litigation counsel in this bankruptcy case for the purpose of providing continued legal representation of the Debtor in the State Court Case.

14. In order to hire counsel for a special purpose, a debtor needs to demonstrate that: (1) the attorney previously represented the debtor; (2) hiring the attorney is in the best interest of the estate; and (3) the attorney does not hold an interest adverse to the debtor or estate with respect to the special matter. *In re Black & White Cab Co.*, 175 B.R. 24, 26 (Bankr. E.D. Ark. 1994).

15. As set forth in the *Declaration of Proposed Special Litigation Counsel* executed by Edward F. Holodak attached to this *Application* as **Exhibit "A"**, Holodak does not hold or represent any interest adverse to the Debtor or the bankruptcy estate for the matters for which Holodak is to be retained as special litigation counsel.

16. No conflict exists when "the interest of the special counsel and the interest of the estate are identical with respect to the matter for which special counsel is retained." *Young v. Coleman In Re Veterans Choice Mortg., Inc.)*, 285 B.R. 70 , 74 (Bankr. S.D. Ga. 2002) (citing) *In re Aurochem Corp.*, 176 F.3d 610, 622 (2nd Cir. 1999).

16. As such, the Debtor requests that an order approving this *Application* provide as a finding that there is no conflict and that, to the extent any conflict may exist it is deemed waived.

17. Pursuant to a pre-petition retainer agreement between the Debtor and Holodak, a copy of which is attached hereto as **Exhibit "B"**, representation of the Debtor will be provided on an hourly basis and subject to the filing and approval of fee applications before this Court.

WHEREFORE, the Debtor respectfully requests the entry of an order approving this *Application*, authorizing the retention of Holodak as special litigation counsel to the Debtor effective as of the Petition Date, and grant Debtor any further relief this Honorable Court deems just and proper.

Dated this 19th day of August, 2022.

**LORIUM LAW**
*Attorneys for Debtor in Possession,*
*Pompano Senior Squadron Flying Club, Inc.*
101 NE Third Avenue, Suite 1800
Fort Lauderdale, FL 33301
Telephone: (954) 462-8000
Facsimile: (954) 462-4300

By: /s/ *Craig A. Pugatch*
    CRAIG A. PUGATCH
    Florida Bar No. 653381
    capugatch@loriumlaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served on all parties receiving notice via the court's NextGen CM/ECF system dated this 19th day of August, 2022.

/s/ *Craig A. Pugatch*
Craig A. Pugatch

Exhibit "A"

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

In re:                                                            Case No. 22-15714-PDR
POMPANO SENIOR SQUADRON                                           Chapter 11
FLYING CLUB, INC.,                                                (Subchapter V)

      Debtor.
_____/

## DECLARATION OF PROPOSED
## SPECIAL LITITGATION COUNSEL FOR DEBTOR-IN-POSSESSION

Edward F. Holodak declares and affirms the following:

1. I am an attorney admitted to practice in the State of Florida and I am in good standing with the Florida Bar.

2. I am employed by the law firm of Edward F. Holodak, P.A., with offices located at 7951 SW Sixth Street, Suite 210, Plantation, FL 33324.

3. I make this *Affidavit* in support of the Application to Employ Edward F. Holodak, Esq., as Special Litigation Counsel to the Debtor-in-Possession, (the "*Application*").

4. Prior to the filing of the *Application* for which this *Declaration* is filed in support, I served as litigation counsel to the Debtor in the action styled *Pompano Senior Squadron Flying Club, Inc. v. Kennedy*, Case No. CACE 20-005993, pending in the Circuit Court of the Seventeenth Judicial Circuit, In and For Broward County, Florida.

5. As of the date of the filing of the petition for relief under chapter 11, subchapter V of the United States Bankruptcy Code, Debtor was not indebted to my firm for fees in excess of $10,000. See 11 U.S.C. § 1195.

6. Neither I nor the firm represent any interest adverse to the debtor, or the estate, and we are disinterested persons as required by 11 U.S.C. § 327(a).

7. Except for the continuing representation of the debtor, neither I nor the firm has or will represent any other entity in connection with this case and neither I nor the firm will accept any fee from any other party or parties in this case, except the debtor in possession.

In accordance with 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

August 19, 2022

_____
Edward F. Holodak

Exhibit "B"

## ATTORNEY'S EMPLOYMENT AGREEMENT

WE, POMPANO BEACH FLYING CLUB (hereinafter referred to as "Client" or "you"), hereby retains and employs EDWARD F. HOLODAK, P.A. (the "Firm"), as attorneys, law clerks and paralegals in its employ, to provide legal representation on its behalf and on behalf of the Client in the matter of dispute with POMPANO BEACH FLYNG CLUB.

1. **FEES**: The Firm is employed in this case on an hourly basis. No maximum fee has been quoted, and no guarantee of results has been or will be made. All the Firm's expressions relative to this case are only opinions. Our fee is based on the amount of time we devote to your case. It is impossible to determine in advance how much time will be needed. The amount of time spent on your case reflects all services provided by our attorneys and paralegals, including, without limitation, conferences, telephone calls, pretrial discovery, depositions, trial preparation, document drafting, correspondence, pleadings, negotiations, analysis, legal research, court time, and travel to and from locations away from our offices. Any figures we quote to you for the total charge for our services are merely estimates. Your adversary, the opposing attorney, or others, may engage in activities beyond our control that require time that was not originally contemplated.

2. **RATES**: You will be billed for the actual time expended on your case at the rate of **$300.00** per hour for attorneys and **$125.00** per hour for the Firm's paralegals. This recognizes a discount from a reasonably hourly rate of $400.00 per hour, based upon Attorney's experience, background and expertise, and that if any other party or person is liable to pay or reimburse attorney fees, this higher hourly rate is due and owing as the actual reasonable rate Attorney is entitled to receive. This rate schedule may be adjusted from time to time and, if adjusted, will affect the hourly rates of the attorneys and paralegals working on this matter. In matters of collections, Attorney will bill Client's client for attorney fees associated with the collection, Client will pay costs as billed monthly by Attorney.

3. **PRE-PAID FEE**: An initial, non-refundable pre-paid fee in the amount of **$1,500.00** will be paid by the Client at the time this Employment Agreement is signed. If this amount is depleted, we may, during the course of the litigation, request CLIENT pay an advanced fee, to be placed into our trust account to be billed as services are rendered, and drawn down. Such advanced fee shall be paid by you within 30 days of such request, or the Firm, at its option, may withdraw from the case. If your invoicing has been paid timely, then toward the end of the matter, as a courtesy, we will discount your billing by the amount of the Pre-Paid Fee.

4. **COSTS**: We may advance costs on your behalf in such amounts as we determine are necessary to represent you. Such advances of costs will be for expenses, including, without limitation, long-distance telephone calls, telegrams, fax transmissions, postage, photocopies, computerized research, travel expenses, deposition expenses (including costs of transcripts and court reporters' fees for attendance), court costs (such as filing fees, service of process, subpoena costs, witness fees, etc.), or experts and professionals that we deem necessary to assist in the preparation and

handling of your case. You are responsible for paying all costs incurred on your behalf, including, without limitation, the fees of any experts or professionals hired on your behalf. By this Agreement you appoint us as your agent to hire such experts and professionals on your behalf; however, we will request authorization prior to retaining any such experts.

5. **CREDIT CARD AUTHORIZATION:** If Client signs the attached Credit Card Authorization form, Client agrees that if Client's monthly invoice is not paid in full by the 15th day of the month, Attorney is authorized to charge all outstanding balances to the Client's credit card referenced in the attached Credit Card Authorization form.

6. **COURT AWARDS:** In some instances, the court will require an adverse party to pay a portion or all the attorneys' fees or costs incurred by our clients. Regardless of any such order of the court, and regardless of whether any amount is paid or not paid by an adverse party pursuant to any court order, the sole responsibility for payment of the legal fees and costs incurred in connection with the above-referenced matter will remain with you. Any amount actually received pursuant to any court order will be credited to your account or refunded to you if we have already been paid in full.

7. **LIENS:** As security for the fees and costs incurred by you, we will be entitled to an attorneys' charging and/or retaining lien on all real and personal property, monies, assets (of any kind, nature or description), or other things of value which we recover, retain, preserve or protect for you by virtue of any legal services provided. Any fees and costs that you are required to pay to us shall, upon our election, be paid out of any recovery you receive or out of the assets preserved or protected for you. In the event we are discharged or are required to withdraw as your attorneys before the completion of this case, we shall be entitled to file a lis pendens and to obtain a court order protecting our right to a charging lien.

8. **BILLS:** You will be billed on a monthly basis for the fees and costs incurred in your case. Unless the bill indicates that a portion of a pre-paid fee has been applied to satisfy the fees and costs incurred, full payment of each monthly bill is due within 30 days of the date it is issued.

9. **INTEREST:** If any monies are due and owing and not duly paid by the undersigned, interest shall accrue at ten percent (10%) per annum and all parties responsible under this agreement agree to obligate themselves (and subject themselves to the jurisdiction of the court of Florida and venue to be either in Dade, Palm Beach or Broward County for any reasonable attorney's fees incurred in the collection or prosecution of said sums due and owing and same shall include all necessary actions required to satisfy any judgment or appellate proceedings.

10. **WITHDRAWAL:** We may withdraw from the case if you do not make payments required by this Employment Agreement, if you have misrepresented or failed to disclose material facts to us, or if you fail to follow our advice. In any of these events, you will execute such necessary documents to permit us to withdraw. The Firm's failure

to withdraw after the occurrence of any of the foregoing events, will not limit its right to withdraw after the occurrence of any other event that would permit withdrawal.

11. **DISPUTES**: In the event it is necessary to institute legal proceedings to collect the Firm's fees and costs or to otherwise litigate issues arising under this Employment Agreement, the Firm will be entitled to collect its reasonable attorneys' fees and costs from you, even if the Firm chooses to represent itself. This Employment Agreement shall be governed by the laws of the State of Florida. The Client and the Firm do hereby agree and consent that the State and Federal Courts situated in Broward County, Florida, shall have exclusive jurisdiction to adjudicate any claim, dispute or controversy of any nature arising under or relating to this Employment Agreement. The Client expressly consents to the jurisdiction of the appropriate State or Federal Court situated in Broward County, Florida.

12. **CLIENT FILE:** Within ninety (90) days after the conclusion of the CLIENT's case, or EDWARD F. HOLODAK P.A.'s withdrawal as counsel for CLIENT, CLIENT is required to make arrangements to remove any pleadings or papers from his/her file. Following the ninety (90) days, CLIENT's file may be sent to an off-site storage facility. In the event that after the ninety days CLIENT seeks copies of the contents of the file CLIENT shall be responsible and agrees to pay any and all costs of retrieving such file from storage.

DATED this __28__ day of February 2020.

_____
ANDREW BILUKHA
On behalf of Pompano Beach Flying Club

_____
Edward F. Holodak, Esq.
Edward F. Holodak, P.A.
7951 SW 6th Street, Ste. 210
Plantation, FL 33324
Tel.: 954-927-3436