EXHIBIT "A"

| | |
|---|---|
| POMPANO SENIOR SQUADRON FLYING CLUB, INC., a Florida corporation, | IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT IN AND FOR BROWARD COUNTY, FLORIDA |
| Plaintiff, | CASE NO.: |
| v | |
| CARL KENNEDY, individually, | |
| Defendant. _____/ | |

## THIRD AMENDED VERIFIED COMPLAINT

Plaintiff, POMPANO SENIOR SQUADRON FLYING CLUB, INC.. a Florida corporation (Plaintiff "Flying Club"), by and through its undersigned counsel, sues Defendant, CARL L. KENNEDY, II individually (Defendant "Kennedy") and says:

### GENERAL ALLEGATIONS

1. Plaintiff Flying Club is a Florida corporation doing business in Broward County, Florida, and is otherwise *sui juris*.

2. Defendant Kennedy is over the age of 18, is a resident of Broward County, Florida is a prior director of Plaintiff Flying Club and is otherwise *sui juris*.

3. Defendant Kennedy was an officer and director of Plaintiff Flying Club from May 22, 2014, until the beginning of 2020.

4. At all times relevant to the issues herein, Defendant Kennedy served as the treasurer of Plaintiff Flying Club.

5. During his term as treasurer, Defendant Kennedy made multiple payments from Plaintiff Flying Club's corporate bank account to pay Defendant

Kennedy's American Express credit charges.

6. Just prior to the date Defendant Kennedy was replaced as treasurer of Plaintiff Flying Club, Defendant Kennedy issued checks on Plaintiff Flying Club's corporate checking account to Defendant Kennedy, Wendy Hausmann, Esq., and others.

7. There are no corporate records, resolutions, minutes of meetings, or any other corporate document evidencing authorization for these payments made by Defendant Kennedy to himself, Attorney Hausmann and others.

8. On or about March 19, 2020, Plaintiff Flying Club made demand upon Defendant Kennedy for Defendant Kennedy to produce, to the corporation, all corporate records and documentation belonging to the corporation.  Copy of demand letter was attached as Plaintiff Flying Club's Exhibit #1 to its prior complaints and is incorporated herein by reference. (the "Record Demand").

9. Despite the Record Demand, Defendant Kennedy has failed or refused to turn over the corporate records to Plaintiff Flying Club.

10. Defendant Kennedy ceased being Treasurer of Plaintiff Club on or about February 12, 2020.

11. On or about February 12, 2020, Defendant Kennedy signed and recorded liens against aircraft owned by Plaintiff Club (the "Liens").

12.  The Liens listed Defendant Kennedy as the lienor thereunder. Copy of liens were attached as Exhibit #2 to its prior complaints and is incorporated herein by reference.

13. Defendant Kennedy asserts that the Liens were for services, parts and fuel supplied to Plaintiff Club's aircrafts.

14. Defendant Kennedy, in his professional capacity, is an accountant.

15. Defendant Kennedy at all times while he was treasurer of Plaintiff Club, managed Plaintiff Club's accounting and prepared its tax returns.

16. All conditions precedent to bringing this action have been satisfied or waived.

17. Plaintiff Flying Club retained the services of Edward F. Holodak, P.A., and agreed to pay it a reasonable fee for services rendered herein.

## COUNT I
## ACCOUNTING

18. Plaintiff Flying Club realleges the General Allegations and incorporates them herein by reference as if pled herein specifically.

19. This Court has jurisdiction over the parties and the subject matter herein.

20. As a prior director and officer of Plaintiff Flying Club, Defendant Kennedy, especially as treasurer, was in a fiduciary relationship to Plaintiff Flying Club.

21. Due to the scarcity of records left behind by Defendant Kennedy and the remaining members of the Board of Directors of Plaintiff Flying Club, Plaintiff Flying Club cannot accurately reconstruct its financial status and records.

22. Defendant Kennedy authorized various payments as treasurer of Plaintiff Flying Club, which such payments Plaintiff Flying Club cannot reasonably ascertain as to whether they were valid expenses of Plaintiff Flying Club or Defendant Kennedy's own personal expenses.

23. Plaintiff Flying Club has no adequate remedy at law as to obtaining the information such an accounting will provide.

24. Defendant Kennedy breached his duty to Plaintiff Flying Club by:

   a. failing to keep proper records;

   b. failing to deliver the Plaintiff Flying Club's financial records to it at the end of his term as treasurer;

   c. appropriating funds for non-properly authorized expenses;

   d. using Plaintiff Flying Club's money to make payments on Defendant Kennedy's personal American Express card.

WHEREFORE, Plaintiff Flying Club demands an accounting from Defendant Kennedy, an award of court costs and any other relief that this Court deems just and equitable.

## COUNT II
## VIOLATION OF §817.535 Fla. Stat.

25. Plaintiff Flying Club realleges the General Allegations and incorporates them herein by reference as if pled herein specifically.

26. This Court has jurisdiction over the parties and the subject matter herein.

27. Defendant Kennedy despite filing the Liens listed himself as lienor, never personally provided the funding for such Liens.

28. By filing the Liens in his personal name without having provided Plaintiff Club the money associated with such Liens, Defendant Kennedy filed false records against the personal property of Plaintiff Club.

29. Such actions by Defendant Kennedy are in violation of §817.535 Fla. Stat.

30. At the time Defendant Kennedy filed the Liens, Defendant Kennedy knew that he had not personally provided the funding to Plaintiff Club associated with the claim of liens.

31. At the time Defendant Kennedy filed the claim of liens, Defendant Kennedy knew that he did not have a security agreement between himself and Plaintiff Club.

32. At the time Defendant Kennedy filed the claim of liens, Defendant Kennedy knew that he had no legitimate security interest in the aircraft owned by Plaintiff Club that he was liening.

33. With his superior knowledge as an accountant, Defendant Kennedy knew his actions were improper.

34. Defendant Kennedy by filing the claim of liens against Plaintiff Club's aircraft sought to obtain a personal benefit to Defendant Kennedy.

35. Defendant Kennedy by filing a false lien against the personal property of Plaintiff Club's slandered the title of Plaintiff Club's personal property.

36. Plaintiff Club suffered damages as a direct and proximate result of Defendant Kennedy's Actions.

WHEREFORE Plaintiff Club demands judgment against Defendant Kennedy for damages, punitive damages as provided for in §817.535 Fla. Stat., court costs, attorney fees, and any other relief that this court deems just and equitable including an Order purging or sealing the public records of the Liens and imposition of a civil penalty of $2,500.00 per lien against Defendant Kennedy as provided for in §817.535(8)(b), et. seq.

### COUNT III
### BREACH OF FIDUCIARY DUTY

37. Plaintiff Flying Club realleges the General Allegations and incorporates them herein by reference as if pled herein specifically.

5

38. This Court has jurisdiction over the parties and the subject matter herein.

39. Defendant Kennedy, as the prior treasurer and director of Plaintiff Flying Club, had control of certain financial records and documents which belong to Plaintiff Flying Club.

40. Defendant Kennedy despite filing liens against the personal property of Plaintiff Club, never provided the funding for such liens personally.

41. By filing the claim of liens in his personal name without having provided Plaintiff Club the money associated with such lien, filed false records against the personal property of Plaintiff Club.

42. Such actions by Defendant Kennedy are in violation of §817.535 Fla. Stat.

43. At the time Defendant Kennedy filed the claim of liens, Defendant Kennedy knew that he had not personally provided the funding to Plaintiff Club associated with the claim of liens.

44. At the time Defendant Kennedy filed the claim of liens, Defendant Kennedy knew that he did not have a security agreement between himself and Plaintiff Club.

45. At the time Defendant Kennedy filed the claim of liens, Defendant Kennedy knew that he had no legitimate security interest in the aircraft owned by Plaintiff Club that he was liening.

46. With his superior knowledge as an accountant, Defendant Kennedy knew his actions were improper.

47. Defendant Kennedy by filing the claim of liens against Plaintiff Club's aircraft sought to obtain a personal benefit to Defendant Kennedy.

48. During his tenure as treasurer of Plaintiff Club, Defendant Kennedy used

6

Plaintiff Club's financial accounts to pay his personal American Express bills.

49. Defendant Kennedy did not provide any documentation or backup material to substantiate the propriety of Plaintiff Club paying Defendant Kennedy's personal American Express bills.

50. During his tenure as treasurer of Plaintiff Club, Defendant Kennedy solicited loans allegedly for the benefit of Plaintiff Club without any vote of the members of Plaintiff Club or recorded votes of the Board of Directors of Plaintiff Club.

51. The Bylaws of Plaintiff Club require any transaction valued at over $80,000 to be approved by a vote of the membership of Plaintiff Club. Copy of liens were attached as Exhibit #3 to its prior complaints and is incorporated herein by reference.

52. Defendant Kennedy procured two (2) loans allegedly for the benefit of Plaintiff Club with values of One Hundred Thousand Dollars ($100,000) each.

53. At the time of the alleged loans, there were no promissory notes or other documentation obtained by Defendant Kennedy evidencing such loans.

54. Defendant Kennedy, only after he was no longer Treasurer of Plaintiff Club, signed promissory notes evidencing the above two (2) alleged loans allegedly in his capacity as treasurer and a director of Plaintiff Club.

55. Defendant Kennedy allegedly obtained a loan from Wendy Hausman, Esq. for Ten Thousand Dollars ($10,000) with No promissory note or any written documentation evidencing the loan or the terms thereof.

56. Defendant Kennedy in his capacity as treasurer of Plaintiff Club thereafter paid a check to Wendy Hausman, Esq. for alleged repayment of the loan which

7

included money more than the Ten Thousand Dollars ($10,000) loaned.

57. Defendant Kennedy as treasurer and director of Plaintiff Club owed Plaintiff Club a fiduciary duty.

58. Defendant Kennedy's actions as outlined above were a breach of that fiduciary duty.

59. Defendant Kennedy's actions were not taken in good faith and were not for the benefit of Plaintiff Club.

60. Defendant Kennedy's actions outlined above were to derive a personal benefit to Defendant Kennedy.

61. Plaintiff Club suffered damages as a direct and proximate result of Defendant Kennedy's breach of his fiduciary duty.

WHEREFORE Plaintiff Club demands judgment against Defendant Kennedy for damages, court costs, attorney fees, and any other relief that this Court deems just and equitable including an injunction requiring Defendant Kennedy to record a release of liens for each lien he improperly filed against the personal property of Plaintiff Club, and any further relief that this Court deems just and equitable.

Second Amended Complaint
CACE  20-005993 (08)

Pursuant to Section 92.525 Florida Statute:

**Under penalties of perjury, I declare that I have read the foregoing [document] and that the facts stated in it are true**

POMPANO SENIOR SQUADRON FLYING CLUB, INC., A FLORIDA CORPORATION

By: _____
    Greg Gilhooly, Pres.

Scanned with CamScanner

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was sent via eportal this 16th day of December 2021 to Scott Kalish, Esq., scott@scottjkalishlaw.com

/s/ Edward F. Holodak
Edward F. Holodak, Esq.
Attorney for Plaintiffs
Fla. Bar No. 059234
EDWARD F. HOLODAK, P.A.
7951 SW 6th Street, Suite 210
Plantation, Florida 33324
Telephone: (954) 927-3436
pleadings@holodakpa.com

10