UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

In re:                                                          Case No. 22-15714-PDR

POMPANO SENIOR SQUADRON                      Chapter 11
FLYING CLUB, INC.,                                       (Subchapter V)

        Debtor.
_____/

### OBJECTION TO CLAIM OF CHARLY GUZMAN (CLAIM NO. 6)
(supplemented to add notice bulletin)

**IMPORTANT NOTICE TO CREDITOR: THIS IS AN OBJECTION TO YOUR CLAIM This objection seeks either to disallow or reduce the amount or change the priority status of the claim filed by you or on your behalf. Please read this objection carefully to identify which claim is objected to and what disposition of your claim is recommended. Upon the filing of this objection an expedited hearing on this objection will be scheduled on the date already scheduled for the confirmation hearing in accordance with Local Rule 3007-1(B)(2).**

      Debtor-in-Possession, Pompano Senior Squadron Flying Club, Inc. ("Debtor" or "PBFC"), by and through its undersigned counsel, objects to the proof of claim filed by Charly J. Guzman and would show the Court as follows:

      1.     Charly J. Guzman filed a proof of claim docketed as Claim No. 6 in which Guzman contends he is a secured creditor in the Debtor's aircraft generally (specific aircraft are not specified on the Proof of Claim itself) with the basis of perfection being "Assignment of Note".

      2.     Guzman's files his claim as a purported assignee of an alleged promissory note in favor of Carl Kennedy, the Debtor's former treasurer and former board member.

      3.     Notably, Mr. Guzman does not execute the proof of claim at all, file the claim on his own behalf, or include any contact information on the claim. Rather, the claim is electronically

signed by Carl Kennedy in the capacity of "accountant", and the address for notices and payment is Mr. Kennedy's accounting firm.

4. The Debtor has challenged the notes and liens purportedly issued to Mr. Kennedy by way of pre-petition litigation which has been removed to this Court as an adversary proceeding. However, Mr. Kennedy asserts that he has assigned his liens and notes to Sunwood, Inc. and Guzman, respectively.

## THE UNDERLYING DEBT TO GUZMAN BASED ON THE 2017 NOTE IS NOT A VALID DEBT OR A BINDING PROMISSORY NOTE

5. Guzman's claim attaches a note which bears a stated date of December 2017 for a principal sum of $100,000 but with a "Promissory Amount" stated as $114,817.92 ("2017 Note").

6. This "2017" note to Kennedy was executed by a purported representative of the Debtor and Kennedy before a notary in February of 2020. Notably, executed immediately prior to Kennedy's resignation as treasurer and a change in the board of the Debtor.

7. The Debtor objects to the validity of the 2017 Note (as well as the other notes and liens issued to Kennedy) for a litany of reasons including but not limited to:

   a. Kennedy did not provide the stated consideration or loan in exchange for the 2017 Note.

   b. Kennedy has testified and averred that the purpose of the notes were to memorialize debts in favor of third parties who were not parties to the notes and have no privity with respect to the Debtor in connection with the notes.

   c. There was no corporate authority to issue the note to Kennedy in 2020 or to incur the loan in favor of Kennedy.

  d. There was no member approval for the loan or note as required by the by-laws of the debtor.

  e. Kennedy (and now Guzman in his shoes) may not rely on apparent authority as he was an insider and board member with knowledge of the authority requirements of the Debtor for such loans and had knowledge of the lack of corporate authority for the transactions.

 8. The note and debt which Guzman seeks to assert is simply not valid. Moreover, it is unclear how the claimed amount of $50,545.15 is derived, and such debt has no basis in the Debtor's books and records, nor is it derived by any calculation of payments by the Debtor on the 2017 Note. Based on the Debtor's records, no such payments were ever made on these Debts. Certainly, no authorized or properly accounted for payments.

 9. An examination of the Debtor's records and quickbooks do not show any debt due to Kennedy and the transactions demonstrate that Kennedy in fact he owed the club money. This is especially notable where Kennedy was the treasurer and previously in control of such records.

## GUZMAN IS NOT AN ASSIGNEE OF THE PURPORTED 2017 NOTE

 10. However, notwithstanding the foregoing, even if the debt was presumed valid, Guzman is not a secured creditor, did not receive an assignment of lien on aircraft, and did not receive an assignment of the 2017 Note.

 11. Guzman's proof of claim contains a copy of the purported 2017 Note and appears to take the position that the note was assigned to him by way of an April 2022 "pay to the order of" endorsement. Specifically,

> PAY TO THE ORDER OF CHARLY GUZMAN,
>
> *[signature]*
> CARL L. KENNEDY
>
> SWORN TO AND SUBSCRIBED BEFORE ME THIS ___ DAY OF APRIL, 2022, BY CARL L. KENNEDY WHO HAS PROVIDED A FLORIDA DRIVER'S LICENSE AS IDENTIFICATION.
>
> *[signature and notary seal: DIANE M. PERSTEN, Notary Public-State of Florida, Commission # HH 187103, My Commission Expires February 08, 2026]*

12. Notably, the proof of claim also includes a copy of a recorded FAA lien containing the a description of the 2017 Note as follows:

> Note bearing date  12/31/17  executed by the debtor and payable to the order of  Carl L. Kennedy  in the aggregate sum of $ 100,000  with interest thereon at the rate of  4%  per centum per annum, from date, payable in installments as follows: The principal and interest of said note is payable in  84  installments of $ 1366.88  each on  31st  day of each successive month beginning with the  31st  day of Jan . The last payment of $ 1366.88  is due on the  31st  day of  Dec .

13. The lien document attached to the Guzman claim related to the 2017 Note is notably *blank* in the section which contains information on assignment of the note and security agreement. There is no further assignment, allonge, or similar endorsement filed with the proof of claim.

14. Accordingly, it appears from the proof of claim that Kennedy endorsed the unsecured note (which contains no lien or security agreement) to Guzman, but did not assign any asserted lien. An oversight? Not quite, there's more.

15. Kennedy has consistently taken the position that the notes he had issued to himself in 2020 on account of purported prior debts were somehow for the purpose of documenting the funds provided by Sunwood for the purchase of aircraft. In connection with such position Kennedy has also indicated that he assigned the debts and liens to Sunwood.

16. And, while the debtor disputes the validity of the underlying debts and propriety of the liens, it does appear that in fact Kennedy assigned the 2017 Note and lien to Sunwood in MARCH of 2022. A month prior to the endorsement to Guzman.

17. Whether it was an error or artifice, at the time of the endorsement to Guzman, Kennedy had already assigned the note and security agreement to Sunwood who received an executed FAA assignment of the note and security agreement expressly referencing the 2017 Note, and containing the following dated execution:

> **ASSIGNMENT BY SECURED PARTY**
>
> For value received, the undersigned secured party does hereby sell, assign, and transfer all right, title, and interest in and to the foregoing note and security agreement and the aircraft covered thereby, unto the assignee named on the face of this instrument at the address given, and hereby authorizes the said assignee to do every act and thing necessary to collect and discharge the same. The undersigned secured party warrants and agrees to defend the title of said aircraft hereby conveyed against all lawful claims and demands except the rights of the maker. The undersigned secured party warrants that the secured party is the owner of a valid security interest in the said aircraft. (A Guaranty Clause or any other provisions which the parties are desirous of making a part of this assignment should be included in the following space.)
>
> Dated this __21__ day of __March, 2022__
>
> ACKNOWLEDGMENT: (If required by applicable local law)
>
> NAME OF SECURED PARTY (ASSIGNOR) __Carl L. Kennedy__
>
> SIGNATURE(S) (IN INK) ____
> (If executed for co-ownership, all must sign)
>
> TITLE ____
> (If signed for a corporation, partnership, owner, or agent)
>
> THIS FORM IS ONLY INTENDED TO BE A SUGGESTED FORM OF SECURITY AGREEMENT WHICH MEETS THE RECORDING REQUIREMENTS OF TITLE 49, UNITED STATES CODE, AND THE REGULATIONS ISSUED THEREUNDER. IN ADDITION TO THESE REQUIREMENTS, THE FORM OF SECURITY AGREEMENT SHOULD BE DRAFTED IN ACCORDANCE WITH THE PERTINENT PROVISIONS OF LOCAL STATUTES AND OTHER APPLICABLE FEDERAL STATUTES. THIS FORM MAY BE REPRODUCED.
>
> SEND, WITH APPROPRIATE FEE, TO: AIRCRAFT REGISTRATION BRANCH
> P.O. BOX 25504
> OKLAHOMA CITY, OKLAHOMA 73125-0504

18. Accordingly, even if the underlying note were valid, which the Debtor strongly contends it is not, Guzman is not a valid creditor of the Debtor, and is not the holder of a claim against the Debtor. The debt had been assigned prior to the attempted endorsement to Guzman.

19. The Debtor objects to the validity of the underlying note and debt on which Guzman bases his claim, but further and as a threshold matter asserts that Guzman does not have standing as a holder of the alleged note and is not a creditor of the Debtor.

WHEREFORE, the Debtor objects to Claim No. 6 filed by Carl Kennedy on behalf of Charly Guzman and requests that such claim be stricken, and for such further relief as appropriate under the circumstances, including an appropriate award of fees and costs pursuant to Florida law.

**LORIUM LAW**
*Attorneys for Debtor in Possession, Pompano Senior Squadron Flying Club, Inc.*
101 NE Third Avenue, Suite 1800
Fort Lauderdale, FL 33301
Telephone: (954) 462-8000
Facsimile: (954) 462-4300

By: /s/ Craig A. Pugatch
    CRAIG A. PUGATCH
    Florida Bar No. 653381
    capugatch@loriumlaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by CMECF as well as US Mail on December 1, 2022 to

Charly J. Guzman
c/o Kennedy & Goard LLC
980 N. Federal Highway Suite 110
Boca Raton, FL 33432

Charly J. Guzman
4040 NW 18TH WAY
BOCA RATON FL 33431 3362