UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
BROWARD DIVISION
www.flsb.uscourts.gov

In re:    Case No. 22-15714-PDR

POMPANO SENIOR SQUADRON    Chapter 11
FLYING CLUB, INC.,    (Subchapter V)

Debtor.
_____/

## CONFIRMATION DECLARATION FOR SUBCHAPTER V DEBTOR

STATE OF FLORIDA         )
                         )
COUNTY OF BROWARD        )

Casey Ahlbum, hereby declares:

1.  My name is Casey Ahlbum. I am over 21 years of age and fully competent to make this declaration. Unless otherwise stated, I have personal knowledge of the facts set forth in this affidavit.

2.  I am an officer and member of the board, holding the office of secretary, of Pompano Senior Squadron Flying Club, Inc. ("PSSFC" or "Debtor"), the Debtor in Possession in the above-captioned Chapter 11, Subchapter V, bankruptcy case

3.  I make this declaration in support of the confirmation of PSSFC's Plan of Reorganization for Small Business Under Chapter 11 [ECF 61] ("Plan"), dated October 24, 2022.

4.  I am familiar with the Debtor's business books, financial records and the flying club's membership due diligence and financial obligations. The books and records are maintained by the Treasurer Tor Holm. The books and records are available to the members of the board and myself and the other members of the board are familiar with and have reviewed the reports and financial statements of the Debtor.

5.  I am familiar with and, along with my fellow board members, participated in the terms and conditions of the Plan, and the documents related thereto. The board, and myself, supervised the preparation of financial projections by the Treasurer, Tor Holm, as well as the liquidation analysis contained in the Plan and reviewed them for accuracy and completeness.

6.  The Plan includes the following principal features:

This Plan of Reorganization (the *Plan*) under chapter 11 of the Bankruptcy Code (the *Code*) proposes to pay creditors from its ordinary monthly income.

1

This Plan provides for:   3 classes of secured claims;
2 classes of non-priority unsecured clams;
1 class of equity.

7. As set forth in the liquidation analysis contained in the plan, a liquidation of the Debtor would result in approximately $100,000 of value for distribution to the Debtor's unsecured creditors.

8. The basis for the liquidation analysis includes that the assets available for liquidation consist primarily of equity in aircraft. The Debtor asserts that a liquidation of the aircraft would likely generate equity which would pay less than 100% of creditor claims, but would pay a distribution to unsecured creditors. The Debtor has not conducted an appraisal of the aircraft. The estimated asserted net equity value of the Debtor's aircraft is approximately $300,000. Other assets for liquidation are negligible or of inconsequential value. The amount of unsecured claims as filed equals $260,000 in the aggregate. Prior to avoidance, objection, or liquidation, the asserted liens on the aircraft are filed in an approximate amount $200,000. Accordingly, if the aircraft were liquidated and such liens paid from liquidation then an estimated $100,000 would be available for distribution to unsecured creditors before accounting for costs of administration in a chapter 7 resulting in distribution to unsecured of less than 38.4%, but in all events far less than the aggregate proposed payments under the plan. If all claims are deemed allowed in the amount filed and the liens are aggregated as unsecured, then the distribution to unsecured creditors would still be less than 73%.

9. The plan is feasible because it is based on the historical income which is projected to remain constant over the foreseeable future. The projections contained in Section C of the plan were prepared by the Debtor's Treasurer and approved by the Board.

10. The Debtor will be able to meet its obligations under the plan. In particular:

   a. Assuming the effective date of the Plan is during January 2022, we will have sufficient cash available at that time to pay administrative claims, unless agreed upon expressly with such claimant in which case the balance will be paid, during the first few months thereafter from earnings.

   b. There are sufficient projected earnings to make the first quarterly payment to secured and unsecured creditors forecasted to occur at the end of the first quarter following the effective date.

   c. Based on the projections, we will be able to meet all payment obligations required by the plan without additional membership dues or revenue sources.

I declare the foregoing to be true and correct under penalty of perjury.

POMPANO SENIOR SQUADRON
FLYING CLUB, INC.

By: _____
Casey Ahlbum, its Secretary

2