

**ORDERED in the Southern District of Florida on December 27, 2022.**



Peter D. Russin, Judge
United States Bankruptcy Court
_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

In re:  Case No. 22-15714-PDR

POMPANO SENIOR SQUADRON  Chapter 11
FLYING CLUB, INC.,  (Subchapter V)

      Debtor.
_____/

### ORDER CONFIRMING THE DEBTOR'S SUBCHAPTER V PLAN FOR REORGANIZATION

This matter came before the Court on December 15, 2022 at 1:30 p.m., to consider confirmation of the Chapter 11 Small Business Sub V Plan (the "Plan") (ECF. No. [61]) filed on October 24, 2022 by the Debtor, Pompano Senior Squadron Flying Club, Inc.  In connection with the confirmation of the Plan, the Court has

considered the evidence presented as well as the record of this case, including: (i) the confirmation affidavit of Casey Ahlbum (ECF No. 93), (ii) the certificate of proponent of plan (ECF No. 94), and (iii) the testimony of Casey Ahlbum proffered by the debtor. Having considered that all classes of creditors that were entitled vote on the Plan have accepted the Plan,[1] and no objections to confirmation of the Plan have been filed or remain unresolved, after notice and a hearing, the Court finds and concludes as follows:

### FINDINGS OF FACTS & CONCLUSIONS OF LAW

A. **Jurisdiction**. The Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334, the United States District Court's general order of reference, and other various applicable provisions of the Bankruptcy Code[2] and the Federal Rules of Bankruptcy Procedure ("FRBP").

B. **Venue**. Venue before the Court is proper under 28 U.S.C. §§ 1408 and 1409.

C. **Notice**. Due, adequate, and sufficient notice of the Plan and the order setting a hearing on confirmation (ECF No. 62) were served upon all creditors, interest holders, and parties requesting notice. Accordingly, the method of service and solicitation of acceptance of the Plan, notice of the hearing to consider confirmation of the Plan, and notices of all other deadlines or requirements relating

---

[1] The Court notes that Paul Sanchez cast a vote in Class 3.1 rejecting the plan; however, it was uncontested by counsel that the debtor has objected to the claim of Paul Sanchez and that he not the holder of an allowed claim entitled to vote on the Plan.

[2] The term "Bankruptcy Code" refers to the applicable section(s) of 11 U.S.C. § 101, *et. seq.* unless otherwise indicated.

thereto (collectively, the "Confirmation Deadlines") were in compliance with the FRBP, were adequate and reasonable under the circumstances of this case, and no further or additional notice of the confirmation hearing or the confirmation deadlines was necessary or required.

        D.        **Objections to Confirmation**. Present at the hearing on behalf of creditors were Susan Lasky on behalf of Sunwood, Inc., Ronald Kaniuk on behalf of Carl Kennedy, Robert Puzio on behalf of Paul Sanchez. No parties objected to confirmation of the Plan or the findings and conclusions contained in this order.

        E.        **Proper Classification of Claims – 11 U.S.C. §§ 1122 and 1123**. The Plan adequately and properly identifies and classifies all claims. Pursuant to 11 U.S.C. § 1122(a), the claims placed in each class are substantially similar to other claims in each such class. Pursuant to 11 U.S.C. § 1123(a)(1), valid legal and business reasons exist for the various classes of claims created under the Plan and such classification does not unfairly discriminate among holders of claims. The classification of claims in the Plan is reasonable. No party objected to classification as set forth in the Plan.

        F.        **Specified Unimpaired Classes – 11 U.S.C. § 1123(a)(2)**. The Plan specifies all classes or claims or interests that are not impaired under the plan.

        G.        **Specified Treatment of Impaired Classes – 11 U.S.C. § 1123(a)(3)**. The Plan specifies the treatment of all classes of claims or interests that are impaired under the Plan.

        H.        **No Discrimination – 11 U.S.C. § 1123(a)(4)**. The Plan provides for the same treatment of claims or interests in each respective class unless the holder of a

particular claim or interest has agreed to a less favorable treatment of such claim or interest.

I. **Implementation of the Plan – 11 U.S.C. § 1123(a)(5)**. Article 7 of the Plan provides adequate means for the Plan's implementation. Plan provides adequate means for the Plan's implementation by way of distributions from the Debtor's ordinary income derived from membership dues and flight hours. The plan provides for a feasible distribution based upon projections from the Debtor's past cash flows and reserves for maintenance and operations.

J. **Interests of the Creditors, Equity Security Holders, & Public Policy – 11 U.S.C. § 1123(a)(7)**. The Plan contains only provisions that are consistent with the interests of creditors and equity security holders and with public policy with respect to the manner of selection of any officer, director, or trustee under the Plan and any successor to such officer, director, or trustee.

K. **Assumption & Rejection – 11 U.S.C. § 1123(b)(2)**. Article 6 of the Plan, pursuant to 11 U.S.C. § 365, provides for the assumption, rejection, or assignment of any executory contract or unexpired lease of the Debtor not previously rejected under such section.

L. **Adjustment and treatment of secured creditors - 11 U.S.C. §§ 1123(b)(5)**. The plan modifies and treats the liens asserted by secured creditors as set forth in Class 2.1, 2.2, and 2.3 of the Plan, and the treatment and disposition of such claimed liens shall be, in addition to the treatment set forth in the Plan, with respect to such classes, as follows:

a. The secured claim of Charly Guzman is disallowed and Charly Guzman does not have or retain any lien in property of the estate to be vested in the reorganized debtor, including but not limited to aircraft owned by the Debtor, has no lien arising from or secured by any Note issued to Carl L. Kennedy, including but not limited to the Note bearing date December 31, 2017 originally payable to the order of Carl L. Kennedy in the stated sum of 100,000 or the Note bearing date September 24, 2018 originally payable to the order of Carl L. Kennedy in the stated sum of 100,000. Charly Guzman shall not retain any lien on property of the Debtor following entry of this order confirming the Plan. Class 2.1 shall not receive treatment or payment under the plan, and any claim of Charly Guzman shall be treated in Class 3 of the Plan on account of any allowed claim (see ECF 98).

b. Notwithstanding any language in the Plan to the contrary, Sunwood, Inc., Class 2.2, maintains and retains its judicial lien as of the petition date with respect to such property and value attached as of the petition date, and any lien of Sunwood, Inc. shall be released and discharged upon completion of payments to Sunwood, Inc. arising under any class under the plan. For clarity, in consideration of the treatment set forth in Class 2.2 of the plan, the quarterly payments to Sunwood, Inc. under all classes in the plan shall aggregate $5,881.21 (one twentieth (1/20) of the full amount of Sunwood's proof of claim (Claim 4)) and shall be paid until the aggregate amount of $117,624.24 has been paid in full.

  c. Any liens of Carly Kennedy II, secured by a Note issued to Carl L. Kennedy, or the assignees thereto, including but not limited to the Note bearing date December 31, 2017 originally payable to the order of Carl L. Kennedy in the stated sum of 100,000 or the Note bearing date September 24, 2018 originally payable to the order of Carl L. Kennedy in the stated sum of 100,000, including but not limited to FAA conveyance number SD019705 and DP023084, are extinguished, waived, discharged and released by operation of the Plan and this confirmation order. Such liens shall receive no treatment or payments under the Plan, and there shall be no payments or treatment to Class 2.3 under the Plan.

 M. **Additional Plan Provisions – 11 U.S.C. § 1123(b)(6)**. Each of the provisions of the Plan is appropriate and not inconsistent with the applicable provisions of the Bankruptcy Code.

 N. **Principal Purpose of the Plan – 11 U.S.C. § 1129(d)**. The principal purpose of the plan is not the avoidance of taxes or the avoidance of the application of section 5 of the Securities Act of 1933.

 O. **Subchapter V Plan Requirements – 11 U.S.C. § 1189**. The Plan complies with 11 U.S.C. § 1189 because it was filed by the Debtor not later than 90 days after the order for relief under Chapter 11.

 P. **Contents of a Subchapter V Plan – 11 U.S.C. § 1190**. In compliance with § 1190, the Plan includes: (1) a brief history of the business operations of the debtor, (2) a liquidation analysis, and (3) projections with respect to the ability of the Debtor

to make payments under the proposed plan for reorganization. The Plan provides for the submission of all or such portions of the future earnings or other future income of the Debtor to the supervision and control of the Subchapter V Trustee as is necessary for the execution of the Plan.

    Q.    **Satisfaction of Conditions – 11 U.S.C. § 1191(a)**. The Court finds that the Plan satisfies the relevant provisions of 11 U.S.C. § 1129(a) and, as a result, is a consensual Subchapter V plan under 11 U.S.C. § 1191(a). With respect to the relevant provisions of 11 U.S.C. § 1129(a), the Court finds and concludes as follows:

    a.    **11 U.S.C. § 1129(a)(1) and (a)(2)**. The Plan and the Plan proponent comply with the applicable provisions of the Bankruptcy Code.

    b.    **11 U.S.C. § 1129(a)(3)**. The Plan was proposed in good faith and not by any means forbidden by law.

    c.    **11 U.S.C. § 1129(a)(4)**. Any payment made or to be made by the Debtor, for services or for costs and expenses in or in connection with the case, or in connection with the Plan and incident to the case, has been approved by, or is subject to the approval of, the Court as reasonable.

    d.    **11 U.S.C. § 1129(a)(5)**. The Plan proponent has disclosed the identity and affiliations of any individual proposed to serve, after confirmation of the plan, as a director, officer, or voting trustee of the Debtor; and the appointment to, or continuance in, such office of such individual, is consistent with the interests of creditors and equity security holders, and with public policy.

  e. **11 U.S.C. § 1129(a)(7)**. The Plan provides that, with respect to each impaired class of claims or interests, each holder of a claim or interest of such class has accepted the plan, or will receive or retain under the plan on account of such claim or interest property of a value, as of the effective date of the plan, that is not less than the amount that such holder would so receive or retain if the debtor were liquidated under chapter 7 of this title on such date.

  f. **11 U.S.C. § 1129(a)(8)**. With respect to each class of claims or interests, such class has accepted the Plan, or such class is not impaired under the plan.

  g. **11 U.S.C. § 1129(a)(9)**. Except to the extent that the holder of a particular claim has agreed to a different treatment of such claim, the Plan provides that:

    a. With respect to a claim of a kind specified in 11 U.S.C. §§ 507(a)(2), on the Effective Date of the Plan, the holder of such claim will receive on account of such claim cash equal of the allowed amount of such claim.

  h. **11 U.S.C. § 1129(a)(10)**. If a class of claims is impaired under the Plan, at least one class of claims that is impaired under the Plan has accepted the Plan, determined without including any acceptance of the plan by any insider.

  i. **11 U.S.C. § 1129(a)(11)**. Confirmation of the Plan is not likely to be followed by the liquidation, or the need for further financial reorganization,

of the debtor or any successor to the debtor under the Plan, unless such liquidation or reorganization is proposed in the Plan.

j.  **11 U.S.C. § 1129(a)(12)**.  All fees payable under 28 U.S.C. § 1930, as determined by the Court at the hearing on confirmation of the plan, have been paid or the plan provides for the payment of all such fees on the effective date of the Plan.

k.  **11 U.S.C. § 1129(a)(16)**.  All transfers of property under the Plan shall be made in accordance with any applicable provisions of nonbankruptcy law that govern the transfer of property by a corporation or trust that is not a moneyed, business, or commercial corporation or trust.

Accordingly, the Court **ORDERS**:

1.  **Confirmation**.  The plan is confirmed under 11 U.S.C. § 1191(a).

2.  **Binding Effect of Plan**.  Pursuant 11 U.S.C. § 1141(a), except as provided in §§ 1141(d)(2) and (3), the provisions of the Plan as of the Effective Date, including such clarifications and modifications provided by the above findings and conclusions and the terms of this order, bind the debtor, and any creditor or equity security holder whether or not the claim or interest of such creditor, is impaired under the plan and whether or not such creditor or equity security holder, has accepted the Plan.

3.  **Effective Date and Timing of Payments under the Plan**.  The effective date of this Plan is the first business day following the date that is 14 days after the entry of the confirmation order. If, however, a stay of the confirmation order is in effect on that date, the effective date will be the first business day after the date on

which the stay expires or is otherwise terminated. The payments under the plan shall be made quarterly on January 1st, April 1st, July 1st, and October 1st, and shall commence on the first quarterly payment date following the Effective Date of the Plan.

    4.    **Re-vesting of Property**. Under 11 U.S.C. § 1141(b), except as otherwise provided in the Plan or in this Confirmation Order, as of the Effective Date, all of the property of the estate vests in the Debtor. Except as provided in 11 U.S.C. §§ 1141(d)(2) and (3) and except as otherwise provided in the Plan or in this Order, after confirmation of the Plan, the property dealt with by the Plan is free and clear of all claims and interests of creditors

    5.    **Post-Confirmation Operation of Business**. Except as otherwise provided in the Plan or in this Confirmation Order, on and after the Effective Date, the Debtor may operate its business and may use, acquire, and dispose of property free of any restrictions of the Bankruptcy Code and Bankruptcy Rules and in all respects as if there were no pending case under any chapter or provisions of the Bankruptcy Code. The Debtor is entitled to retain and compensate professionals without the necessity of further approval of this Court. Except as set forth in the Plan concerning objections to claims, the Debtor may also settle or compromise any claims without Court approval.

    6.    **Injunction and Discharge**. Except as otherwise expressly provided in the Plan or in this Confirmation Order, as of the Effective Date: (i) the Debtor shall be discharged from any debt to the fullest extent provided by 11 U.S.C. § 1141(d); (ii)

Except as otherwise provided in the Plan or in this Confirmation Order, as of the Effective Date, all rights and interests of equity security holders provided by the Plan shall terminate and equity security holders shall receive the treatment and equity issued and provided in class 4 of the Plan and (iii) all holders of any discharged claims or liens against the Debtor are enjoined from enforcing any such claim to the fullest extent provided by 11 U.S.C. § 524(a). To the extent the Plan discharge provisions set forth in Article 9 of the Plan are inconsistent with this Confirmation Order or the Bankruptcy Code, this Order and the Bankruptcy Code, including 11 U.S.C. § 1141(d), control.

7. **Disbursing Agent**. The Reorganized Debtor is named as Disbursing Agent and must make all payments to holders of allowed claims as required by the Plan.

8. **United States Trustee Guidelines**. The Debtor must comply with the guidelines set forth by the Office of the United States Trustee until the closing of this case by the issuance of a Final Decree by the Bankruptcy Court.

9. **Effect of Confirmation Order on Plan**. The failure to reference or address all or part of any particular provision of the Plan herein has no effect on the validity, binding effect, or enforceability of such provision and such provision has the same validity, binding effect, and enforceability as every other provision of the Plan. To the extent that any inconsistencies exist between the terms of the Plan and this Confirmation Order, the terms of this Confirmation Order shall control.

10. **Executory Contracts and Leases**. Except as otherwise provided in a separate order of the Court, all executory contracts and unexpired leases not otherwise assumed are deemed rejected as of the Effective Date.

11. **Service of Confirmation Order**. Attorney Craig Pugatch, Lorium Law, is directed to serve a copy of this Order on all parties and file a certificate of service within five (5) days of the entry of this Order.

12. **Documents Required to Effectuate Plan**. The Debtor, creditors, and such parties bound by this plan are authorized and directed to execute any and all documents reasonably required to effectuate the provisions of the Plan or prior Orders of this Court.

13. **Modification After Confirmation**. Under 11 U.S.C. § 1193(b), the Debtor may modify the Plan at any time after confirmation of the Plan and before substantial consummation of the Plan, but may not modify the Plan so that the Plan as modified fails to meet the requirements of 11 U.S.C. §§ 1122 and 1123, with the exception of 11 U.S.C. § 1123(a)(8). The Plan, as modified, becomes the Plan only if circumstances warrant the modification and the Court, after notice and a hearing, confirms the Plan as modified under 11 U.S.C. § 1191(a). Under 11 U.S.C. § 1193(d), any holder of a claim or interest that has accepted or rejected the Plan is deemed to have accepted or rejected, as the case may be, the Plan as modified, unless, within the time fixed by the Court, such holder changes the previous acceptance or rejection of the holder.

14. **Discharge of the Subchapter V Trustee**. Under 11 U.S.C. § 1183, the service of the Subchapter V Trustee in the case shall terminate when the Plan has

been substantially consummated, except that the United States trustee may reappoint a trustee as needed for performance of duties under § 1183(b)(3)(C) and § 1185(a). Not later than 14 days after the Plan is substantially consummated, the Debtor shall file with the Court and serve on the Subchapter V Trustee, the United States trustee, and all parties in interest notice of such substantial consummation. The Debtor must file the Local Form "Final Report and Motion for Entry of Final Decree" on the later of: (a) substantial consummation of the Plan, or (b) entry of a final order resolving all disputed claims. Prior to the discharge of the Subchapter V Trustee, the Subchapter V Trustee shall comply with 11 U.S.C. § 1194 and distribute any applicable payments in accordance with the Plan.

15. **Jurisdiction**. The Bankruptcy Court retains jurisdiction to:

    a. Resolve issues with respect to the Debtor's substantial consummation of the Plan and to the extent the Debtor seeks to amend or modify the plan;

    b. Resolve any motions, adversary proceedings, or contested matters, that are pending as of the date of substantial consummation;

    c. Adjudicate objections to claims;

    d. Resolve disputes with respect to any and all injunctions created as a result of confirmation of the Plan;

    e. Adjudicate modifications of the plan under 11 U.S.C. § 1193;

    f. Review and consider issues associated with the Debtor's final report and entry of final decree, and to enter a final decree; and

    g. Enter such orders as the Court deems necessary or appropriate with respect to enforcement of the Plan.

### #

Submitted by:

Craig Pugatch
Lorium Law
101 NE 3 Ave, Suite 1800
Fort Lauderdale, FL 33301
capugatch@loriumlaw.com

Craig Pugatch must serve a copy of the signed order on all parties served with the motion and must file with the court a certificate of service conforming with Local Rule 2002-1(F).