UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

In re:                                                                                     Case No. 22-15714-PDR

POMPANO SENIOR SQUADRON                                    Chapter 11
FLYING CLUB, INC.,                                                         (Subchapter V)

        Debtor.
_____/

## VERIFIED RESPONSE TO ORDER TO SHOW CAUSE

Lorium Law and Craig Pugatch respond to the Court's ORDER CONTINUING HEARINGS AND DIRECTING COUNSEL TO SHOW CAUSE WHY THEY SHOULD NOT BE SANCTIONED FOR FAILURE TO ATTEND SCHEDULED HEARING ("OTC"), and would submit the following facts and circumstances for the Court's consideration of cause to discharge the OTC:

1. Undersigned counsel agreed to the continuance of the hearing set on April 6, 2023, and counsel for Creditor Guzman filed a motion to continue the hearing. The motion was defective and creditor's counsel refiled the motion to cure the issues.

2. Undersigned advised counsel's office that the order submitted was not within the Court's standard procedures and that an ex-parte agreed order should be submitted within the Court's guidelines to include the date of rehearing to be received following conference with chambers.

3. Undersigned counsel was advised by creditor's counsel that a replacement date had been secured from chambers of May 18, 2023, and such date would be included in an order submitted through CMECF.

4. Undersigned counsel was traveling and could not attend the hearing in person, in order to verify if the hearing was marked off the calendar, or if coverage or zoom arrangements needed to be made, on the morning of April 6, 2023, undersigned communicated via email with counsel for Guzman to confirm that the new date was received from chambers and that the hearing was taken off of the calendar in light of the pending agreed order with the approved date.

5. Undersigned received an affirmative response confirming the above, and thereafter followed up to further confirm that the corrected agreed order was also uploaded after creditor's counsel confirmed with chambers that hearing was reset.

6. Undersigned has in other previous matters confirmed with chambers to verify whether a hearing was marked "off calendar" due to a pending agreed order awaiting entry. Because creditor's counsel was communicating with chambers, undersigned relied on the response from counsel that the matter had been reset.

7. While traveling, undersigned admittedly did not thereafter see whether the agreed order had been entered prior to the hearing, and undersigned did not directly contact chambers to confirm the status of the hearing. Counsel apologizes to the Court and should have arranged for coverage or teleconference appearance until verifying the status of the hearing or receiving the entered agreed order.

**WHEREFORE**, undersigned counsel respectfully requests that the Court accept the forgoing circumstances as showing of cause to discharge the OTC without sanctions.

**I, Craig Pugatch, individually and on behalf of Lorium Law, verify the above facts, and declare under penalty of perjury the above facts to be true and correct.**

_____
**Craig Pugatch**

Case 22-15714-PDR    Doc 134    Filed 04/12/23    Page 3 of 3

**LORIUM LAW**
101 NE Third Avenue, Suite 1800
Fort Lauderdale, FL 33301
Telephone: (954) 462-8000
Facsimile: (954) 462-4300

By: /s/ Craig A. Pugatch
    CRAIG A. PUGATCH
    Florida Bar No. 653381
    capugatch@loriumlaw.com

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the date of filing this document, as reflected by the e-filing stamp inserted upon it by the Clerk of Curt, a true a correct copy of the foregoing has been furnished via CMECF.

/s Craig A. Pugatch

3